PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* OCTAVIO SÁNCHEZ, Defendant and Appellant.

No. 4450. Argued June 5, 1931.—Decided June 9, 1931.

*F. Gallardo Díaz* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Octavio Sánchez and Ismael Avilés were charged with a disturbance of the peace by engaging in a scuffle in one of the streets of Humacao, and both were convicted by the municipal court of that city. Octavio Sánchez appealed from the judgment to the district court which also convicted him, whereupon he took the present appeal on the ground that the court erred in finding him guilty of the offense charged.

The only evidence introduced at the trial was the testimony of a policeman who stated that close to him words passed between Octavio Sánchez and Ismael Avilés, without mentioning the words used, and that Ismael having assaulted Octavio the latter fell upon the former "like a lion" and hit him, and they then fought. According to the charge, Octavio suffered a bruise on the chin.

Based on the above evidence, and relying upon our decisions in *People* v. *Torres,* 18 P.R.R. 897, and *People* v. *Fran-*

*qui,* 24 P.R.R. 575, counsel for Octavio Sánchez requested that he be peremptorily discharged. But notwithstanding that the district attorney acquiesced in this motion, the lower court refused it and rendered a judgment of conviction. It declared that it would consider the cited cases as applicable if the policeman had not testified that Octavio fell upon the other defendant like a lion, attacking him not only to repel the assault but also to punish the assailant for his offense.

We have held in the cases above mentioned that the peace is not maliciously and wilfully disturbed by a person who, upon being attacked by another, repels the assault which results in a scuffle, not provoked by him, which doctrine is applicable in the instant case. The statement of the witness that Octavio went for the assailant "like a lion," is no bar to the application of this doctrine, since it does not seem reasonable to expect that a person who is assailed should repel the assault with calmness.

The judgment appealed from must be reversed and the appellant discharged.